# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### JULY SESSION, 1998

**FILED**

**August 7, 1998**

**Cecil W. Crowson**
Appellate Court Clerk

| | | |
|---|---|---|
| RICKIE D. REESE, | ) | C.C.A. NO. 01C01-9707-CC-00314 |
| | ) | |
| Appellant, | ) | |
| | ) | |
| | ) | BEDFORD COUNTY |
| VS. | ) | |
| | ) | HON. CHARLES LEE |
| STATE OF TENNESSEE, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Post-Conviction Relief) |

FOR THE APPELLANT:

RICKIE D. REESE
Pro Se
SCCC - Apollo  A - 218
P. O. Box 279
Clifton, TN  38425-5346

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

CLINTON J. MORGAN
Counsel for the State
425 Fifth Avenue North
Nashville, TN  37243-0493

MIKE MCCOWN
District Attorney General

ROBERT CRIGLER
Assistant District Attorney
One Public Square, Ste. 100
Shelbyville, TN  37160

ORDER FILED _____

AFFIRMED PURSUANT TO RULE 20

JERRY L. SMITH, JUDGE

# ORDER

Appellant Rickie D. Reese pleaded guilty to one count of aggravated rape. He was sentenced as a Range I standard offender to fifteen years incarceration with the Tennessee Department of Correction. Appellant presents the following issue for our consideration on this appeal: whether the trial court erred in dismissing Appellant's petition for post-conviction relief.

After a review of the record, we affirm the judgment of the trial court pursuant to Court of Criminal Appeals Rule 20.

Appellant filed his *pro se* petition for post-conviction relief in the Bedford County Circuit Court on May 30, 1997. On July 7, 1997, the trial court dismissed Appellant's petition, determining that the petition was time barred and that it failed to state a claim upon which relief could be granted. In his petition, Appellant alleges that he has been incarcerated for five years and fourteen days. He contends, *inter alia*, that he is being illegally restrained beyond the lawful period of incarceration because the Tennessee Board of Paroles denied his release until March 2000. He further claims that the trial court neglected to apprise him that the plea agreement could be violated at a later date and that the stipulated condition as to his thirty percent release eligibility date was discretionary and not mandatory.

Prior to the adoption of the recent Post-Conviction Procedure Act, petitions like the present one had to be filed within three years of the date of the final action of the highest state appellate court to which an appeal was taken. Tenn. Code Ann. § 40-30-102 (1995, Repl.). However, the new Post-Conviction Procedure Act, which took effect on May 10, 1995, subsequently shortened the three-year statute of limitations to one year. Tenn. Code Ann. § 40-30-201 *et seq.* (Supp. 1996). Appellant's statute of limitations for the filing of a petition for

post-conviction relief began to run in 1992, the year in which he avers that he pleaded guilty. Under either the old or the new Post-Conviction Procedure Act, Appellant's petition is time barred because he filed the petition five years after the date of his conviction. We conclude that the trial court properly dismissed the May 30, 1997 petition as being barred by the statute of limitations.

Accordingly, we affirm the trial court's judgment pursuant to Court of Criminal Appeals Rule 20.


_____
JERRY L. SMITH, JUDGE



CONCUR:



_____
PAUL G. SUMMERS, JUDGE


_____
DAVID G. HAYES, JUDGE